John H. Bresnahan, Collector of Taxes,

*vs.*

The Sherwin-Burrill Soap Company.

Hancock.    Opinion March 11, 1911.

*Taxation.  Enforcement of Lien.  Proof.  Pleading.  Amendment.  Towns. Meetings.  Warrant.  Officer's Return.  General Issue.  Revised Statutes, chapter 4, section 10 ; chapter 9, section 3 ; chapter 10, sections 28, 29.*

A collector of taxes, suing under Revised Statutes, chapter 10, section 28, to enforce the lien for taxes prescribed by chapter 9, section 3, must show that the tax was legally assessed, legally committed for collection, and that defendant owned or was in possession of the property described in the writ.

In a suit under Revised Statutes, chapter 10, section 28, to enforce the lien for taxes prescribed by chapter 9, section 3, proof that the tax was legally assessed was eliminated by an admission that the warrant was in proper form, bond filed, and the tax sued for included in the commitment to the collector.

The defense of non-ownership and non-possession was not open, in a suit under Revised Statutes, chapter 10, section 28, to enforce the lien for taxes prescribed by chapter 9, section 3.

A constable's return upon warrants for ward meetings is fatally defective, and cannot be made the basis of a legal town or city meeting, where it fails to state that they were posted in public and conspicuous places.

A return purporting to describe the manner in which a warrant for a town or city meeting was posted may be amended according to the facts.

On report, in a suit under Revised Statutes, chapter 10, section 28, to enforce the lien for taxes prescribed by chapter 9, section 3, to avoid annulling a just tax on account of failure of a constable's return on warrants for the ward meetings at which were elected the aldermen who elected assessors and a tax collector, to show that the warrants were posted in public and conspicuous places, the case will be remanded for an amendment of the return according to the truth, as authorized by section 10 of chapter 4.

Incapacity of a tax collector to sue to enforce a tax lien, on the ground that the vacancy to which he was elected did not legally exist, must be raised by plea in abatement, and cannot, under the general issue, be raised upon the question of proof.

Plea of the general issue, in a suit by a tax collector to enforce a lien, admits his capacity to sue.

On report. Report discharged and case remanded.

Action of debt brought by the plaintiff as collector of taxes, under the provisions of Revised Statutes, chapter 10, section 28, against the defendant to enforce the lien for taxes prescribed by Revised Statutes, chapter 9, section 3, upon the property described in the writ. Plea, the general issue. At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

*R. E. Mason, and F. L. Mason,* for plaintiff.

*F. C. Burrill, and D. E. Hurley,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, CORNISH, BIRD, JJ.

SPEAR, J. This is an action brought by the plaintiff, collector of taxes, under R. S., chap. 10, sec. 28, against the defendant to enforce the lien for taxes prescribed by R. S., chap. 9, sec. 3, upon the property described in the writ. To sustain this form of action it is incumbent upon the plaintiff to establish the following propositions: (1) That the tax was legally assessed. (2) That it was legally committed to an officer for collection. (3) That the defendant was the owner or person in possession of the property described in the writ. Proof of the second proposition is eliminated by the admission that the warrant was in proper form, bond filed, and the tax sued for included in the commitment to the collector. Proof of the third proposition sufficiently appears from the record. Besides this defense of non-ownership and non-possession upon the facts is not open. *Bath* v. *Whitmore,* 79 Maine, 182.

The question upon the legality of the assessment, is raised upon the contention of the defendant that the city records show a de facto and not a de jure board of aldermen who undertook to elect assessors and a tax collector for the city of Ellsworth for the years 1903 and 1904. The only irregularity complained of in the election of the board of aldermen is that the constable in his return upon the warrants for the ward meetings failed to state that they were posted in public and conspicuous places. It requires no citation to show that such a return is fatally defective and cannot be

made the basis of a legal town or city meeting. The constable who posted the warrants and made the return is admitted to have been legally elected and qualified for the years 1903, 1904 and 1910. The plaintiff, conceding the illegality of the meetings, upon the face of the returns, nevertheless contended that the warrants were in fact posted in public and conspicuous places, and that the return, although defective, could be amended by the officer who made it, by stating the omitted facts. That a return, purporting to describe the manner in which a warrant for a town or city meeting was posted, may be amended according to the facts, is well established. But the manner in which the plaintiff undertook to have the return in question amended raises a doubt as to the propriety of the method adopted. He permitted the officer of his own volition without the permission of the court and without any other formality to amend the return in accordance with what the officer claimed to be the fact. But it is not now necessary to pass upon the validity of the officer's act in amending his return, inasmuch as R. S., chap. 4, sec. 10, specifically prescribes the manner in which such amendment may be made, namely : "When omissions or errors exist in the records or tax lists of a town or school district, or in returns of warrants for meetings thereof, they shall be amended, on oath, according to the facts, while in or after he ceases to be in office, by the officer whose duty it was to make them correctly." See also R. S., ch. 10, sec. 29. Since a perfectly regular and legal way for the amendment is prescribed ; and since a just tax should not be evaded by an omission in the officer's return, if the omission can be supplied in accordance with the truth ; and as it is not intimated or claimed that the warrants in question were not posted in public and conspicuous places ; we deem it proper, if no other defects appear, to order the report discharged and the case remanded to nisi for an amendment of the officer's return in accordance with the truth and the above provisions of the statute.

The other aspects of the case will be discussed upon the assumption of an amended return, legal meetings, and the consequent election of a de jure board of aldermen. Upon this assumption no legal objection can be raised to the election of the assessors who assessed

the tax in question, or of the collector, O. W. Tripp, to whom the tax was first committed for collection. The defendant, however, does not place his objection to the maintenance of the action upon the illegality of Tripp's election, but upon the contention that there was no vacancy in the office of collector to which Bresnahan could be elected. Assuming that Tripp was collector de jure it appears from the case that after he had qualified and entered upon the discharge of his duties, on the 17th day of April, 1905, before having completed the collection of the taxes committed to him, among which was included the present tax, he sent to the board of aldermen a written resignation, "owing to the urgency of business," of the office of collector, which was at once accepted. At the same meeting Bresnahan, the present plaintiff, was elected to the office of collector to complete the collections for the year 1904. It is admitted that Bresnahan, if otherwise competent, was duly qualified for the discharge of the duties of the office. The defendant raises no question as to the formalities observed in regard to the resignation of Tripp or the election of Bresnahan, but contends that Tripp, after qualifying and entering upon the discharge of his duties as collector, could not under the statute resign the office, for the reasons given, that the board of aldermen was without authority either to accept his resignation or to elect a new collector in his place. If, for the sake of argument, this is admitted, then upon the assumption of an amended return, which will show the election of the assessors and the assessment and commitment of the tax, to have been legal, the question is not now open to the defendant. The tax was a valid claim upon the property and against the owner of the property upon which it was assessed. It was in a condition to be enforced by the proper form of action. The present action is in proper form and purports to have been brought by the official authorized by law to institute the suit. Inasmuch as a collector is merely an administrative officer, in the scheme of taxation, his duties having no connection whatever with the valuation of the property, or the legality of the assessment and commitment of the taxes, we think that his capacity to sue must be attacked by a plea in abatement and cannot under the plea be raised upon the question of

proof. The plea being the general issue, we can see no reason why the procedure in the case should not be controlled by the rule laid down in *Elm City Club* v. *Howes*, 92 Maine, 211, which was a suit brought by certain persons purporting to be trustees. The objection was raised that they were not trustees in fact. The court held, as is stated in the head note: "The objection that the trustees named are not trustees in fact should be raised by a plea in abatement. The plea of the general issue admits the capacity of the plaintiffs." *Delcourt* v. *Whitehouse*, 92 Maine, 254, is a case in which an infant brought suit in his own name. The court held that this incapacity could be taken advantage of only by plea in abatement. See also *Clark* v. *Pishon*, 31 Maine, 503; *Brown* v. *Nourse*, 55 Maine, 230; *Stewart* v. *Smith*, 98 Maine, 104. No reason appears why the defendant's plea should not be held to admit the capacity of Bresnahan to prosecute the suit in question.

We can discover no possible harm that can result to the defendant in such a course. By such procedure the tax is neither increased nor diminished; the costs are neither more nor less; the defendant is in no way prejudiced; every detail of the procedure would be precisely the same and the judgment in favor of the plaintiff for the tax would be res adjudicata upon the city. *Oldtown* v. *Blake*, 74 Maine, 280. The rule laid down in *Kellar* v. *Savage*, 17 Maine, 444, seems to be pertinent in support of the capacity of the plaintiff to maintain the action in the present case. The court say: "It is objected, that the plaintiff cannot maintain the action, because he was not legally chosen treasurer. A liberal and favorable construction has prevailed to support the proceedings of towns, and this may well be the rule, when no one is injured by it, or deprived of any right; and when the object is only to require one to perform a service, which he has voluntarily assumed."

Not only is there no apparent reason why the capacity of the plaintiff to sue should not be admitted by the plea, but we are unable to discover any requirement of the statute with reference to the appointment or duty of a collector of taxes that should relieve this case from the application of the ordinary rules of pleading. Section 28, referring to an action to enforce a lien on real estate,

says: "Any officer to whom a tax has been committed for collection" (with an exception which is not material to this case and with the requirements of certain acts to be done by the officer preliminary to the right of action) "may bring an action of debt for the collection of said tax in his own name, etc." Then upon the assumption that an action has been commenced and is ready for trial the statute further provides: "If it shall appear upon trial of said action that such tax was legally assessed on said real estate, and is unpaid, that there is an existing lien on said real estate for the payment of such tax, judgment shall be rendered for such tax, interest and costs of suit against the defendant and against the real estate attached, etc." The language of the statute omits to require any statutory qualification of the officer to whom the tax is committed to enable him to maintain suit. It rather assumes that the substantial function of the statute is the legal commitment of a legally assessed tax to the officer for collection, and not whether the officer, who is merely an agent to bring suit, is in all respects technically qualified. In fact the collector of taxes, when he brings suit for the recovery of a tax, is but a nominal plaintiff. He has no interest whatever in the result of the suit, distinct from that of any other citizen. Inasmuch as he has all the facts at hand, he may be more appropriately designated as a plaintiff than any other person. But as a matter of legislative power we can discern no reason why any citizen of the municipality may not be authorized to act as a plaintiff in bringing a suit for the benefit of the town. It therefore becomes immaterial to the defendant whether the plaintiff is technically qualified or not. It cannot affect his rights in the least. The statute then does not relieve the defendant from the duty of contesting the capacity of the plaintiff to sue by plea in abatement.

Nor do we find any opinion relating to the collection of taxes and the duty of collectors, which in any way contravenes this doctrine; but on the other hand the decisions are unanimous in support of it. The courts have always made a sharp distinction between the pleadings and proof required to sustain actions which are intended to work a forfeiture and those which are calculated to secure the

collection of the tax only.    Upon this point our court in *Rockland* v. *Ulmer*, 84 Maine, 503, make the distinction in the following language :    "Much greater particularity and precision are always required when a forfeiture is sought to be enforced, than when the simple recovery is asked for.    The grouping of these three lots of land in one appraisal may, perhaps, prevent a tax lien attaching to either; but it does not increase the valuation nor the burden of the tax payer.    The amount of the tax is not affected.    The defendant's share of the public burden is the same.    The judgment against him in a suit for recovery will be neither more nor less."    See also *Charleston* v. *Lawry*, 89 Maine, 582.    *Oldtown* v. *Blake*, 74 Maine, 280, discusses the powers of a de facto collector and say :    "But if he is acting under his warrant, with no other defect in his authority than that, he is at least an officer de facto, having certain powers.    Payment to him would discharge the tax.    The fact that the collector to whom the tax had once been paid was not sworn, would not enable the town to collect the tax a second time."    It is not necessary to the decision of this case nor do we assume to decide whether the plaintiff was a de facto or a de jure officer nor, if a de facto officer, what would be the effect of a plea in abatement upon his capacity.    We do decide, however, that in the present case the plea of the general issue admitted the capacity of the plaintiff.

It is the opinion of the court that the report should be discharged and the case remanded to nisi for an amendment of the constable's return, as herein directed.

*So ordered.*